## William C. Duncan v. Daniel J. Campau and others.

*Receiver: Final order.* When the appointment of a receiver is sought merely as ancillary to other equitable relief, and does not divest legal rights, an interlocutory order appointing a receiver can not be appealed from.
This case distinguished from *Lewis v. Campau*, 14 *Mich.* 458.

*Heard and decided May 15th.*

Appeal in Chancery from Wayne Circuit.

This was a bill for partition of the real estate of the late Joseph Campau, deceased.

A receiver was asked for, and the bill also prayed that the administrators of said Campau be enjoined from interfering with the estate; they having acquiesced in the action of several of the heirs attempting to dispose of it among themselves, in fraud of complainant, and having yielded possession.

The court below granted an order appointing a receiver with the usual powers, and from which defendants appealed.

At the hearing of the appeal in this court complainant moved that the appeal be dismissed.

*D. C. Holbrook, Maynard* and *Meddaugh,* and *C. I. Walker,* for complainant.

*Levi Bishop* and *G. V. N. Lothrop,* for defendants.

MARTIN CH. J.

Said he thought the appeal should be dismissed for the same reasons assigned by him in *Lewis v. Campau,* 14 *Mich.* 458.

CAMPBELL J.

This case differs entirely from *Lewis v. Campau.* I think a legal estate can not be divested by preliminary proceedings. But nothing like that is attempted here. The

receiver is appointed over nothing but the real estate. The bill shows that the administrators have given up possession of it, and they have joined with the other heirs in their attempts to divide it. We have held they were not bound to take possession unless they chose, and I doubt whether they could do so after such acts as are charged. It comes then to the simple inquiry whether a receiver can be appointed over tenants in common. I think the precedents permit this in some cases, and where, as in this case, the other tenants not only deny complainant's title, but have endeavored to entangle the whole title, and are not disposed to account for the rents and profits, there is power to make such appointment. The bill, however defective, is a bill for partition. The receivership is merely incidental and ancillary, and we can not review the discretion of the judge in granting it.

COOLEY J.

Regarded the order appealed from as clearly interlocutory within the former decisions by this court. The order in *Lewis v. Campau* gave the complainant that which his bill prayed for as the end and object of the bill upon that branch of the case; and the decision proceeded on the ground that the relief asked for, so far as the receiver was concerned, was ancillary, not to further relief to be had in that case, but to the proceedings on the probate appeal. The appointment in this case, on the contrary, is only pending the suit, and auxiliary to the principal relief which this bill prays for. Wisely or unwisely, the legislature have not authorized us to review such an order at this stage of the case.

CHRISTIANCY J.

Also concurred, considering the case quite distinct from the one referred to, though he did not think that a failure in the bill to make out a case would make any difference

as to the power of this court to review an order which in its frame and purpose was interlocutory.

The question whether an order is final or interlocutory does not depend upon the question whether it was properly or improperly granted.

Appeal dismissed.