GEORGE HENNING v. THE PEOPLE.

*Examination of prisoner pleading guilty—Act 99 of 1875.*

Where the record does not show how a judge has performed his statutory duty of examining a prisoner as to his plea of guilty, *certiorari* issues in aid of a writ of error to obtain a full return from him.

Where a prisoner has changed his plea from not guilty to guilty,

the statutory judicial duty of examining him to see that the change was not procured by undue influence is sufficiently performed if the judge makes full inquiry by interviews with the prisoner's counsel and friends, satisfies himself in advance that the plea may be properly received, and is satisfied that it is voluntary, free from undue influence, and made with every circumstance of fairness and deliberation.

Error to Washtenaw and Certiorari to Circuit Judge for Washtenaw County.    Submitted April 22.    Decided April 25.

*Alpheus Felch* and *G. V. N. Lothrop* for plaintiff in error.

Attorney General *Otto Kirchner* and *J. Willard Babbitt* for the People.

CAMPBELL, C. J.    Plaintiff in error was informed against for murder in the Washtenaw circuit, and put in a plea of not guilty at the January term, 1877.    On the 27th day of March, 1877, on motion of his own counsel and by consent of the prosecuting attorney, he withdrew his plea of not guilty, and put in a plea of guilty of manslaughter.    On the 28th day of March, 1877, he was sentenced on his plea of guilty.

Error is brought on this judgment, and the only error assigned alleges as its foundation that the judge before pronouncing sentence did not make any investigation into the nature of the case, and into the circumstances of the plea of guilty, to satisfy him that such plea was made freely and with full knowledge in Henning of the nature of the accusation against him, and without undue influence, as the judge was required to do by statute.

This assignment follows the form and substance of the statute.    L. 1875, p. 140.

We declined to hold in *Edwards v. People*, 39 Mich., that it was necessary to the validity of a sentence that it should appear absolutely on the record how this stat-

utory duty was performed. In that case we held that enough appeared to show the sentence was imposed without such precautions as the law required.

In the present case the record raised no such plain presumption, and when the case was brought to our attention to determine how the facts should be inquired into, we had no difficulty in holding that the proper method was by obtaining a certiorari on a proper showing in aid of the writ of error to obtain a return from the judge touching the facts which attended the proceeding before him. Such a writ was issued.

The judge returns in substance that he had repeated interviews with the prisoner's counsel and friends, and made full inquiry into the matter, and that the change of plea was made with every circumstance of fairness and deliberation, and that he became fully satisfied in advance that Henning's plea of guilty might be properly received; and that it was put in in accordance with all the conditions which the statute was designed to require, and was voluntary and free from undue influence. The return is very full and satisfactory on this subject, and is here appended.

The judge having been thus satisfied upon such full investigation, in exact accordance with the statute, no error was committed in imposing sentence, and the judgment must be affirmed.

The other Justices concurred.

The following is the return of Judge Huntington:

George Henning, plaintiff in error v. The People of the State of Michigan, defendants in error.

In obedience to the writ of *certiorari* hereto attached, I, the undersigned circuit judge, by whom said defendant was sentenced, do hereby certify and return that no personal interview out of court was had by me with the defendant after plea and before sentence, respecting the circumstances under which the plea was made, or the nature of the case, nor was any such interview or communication ever had by me with said defendant personally, except upon the occasion of imposing sentence, and

that in the presence of the prosecuting attorney; but several interviews were had by me out of court with the defendant's counsel, at their request, and in the presence of the prosecuting attorney, respecting the nature of the case and the circumstances of the offense and with reference to a contemplated plea of guilty of manslaughter, and I became satisfied from such interviews that it would be proper to receive such a plea if interposed; that at such interviews the defendant was represented by A. Felch, C. Joslin, and T. J. Hovey, as his counsel; the defendant's brother was also present. Interviews were also had upon the subject referred to with the defendant's counsel, or some of them, when the prosecuting attorney was not present. Counsel for the defendant was also heard in open court after the plea was interposed in his behalf, and in his presence on the same day the plea was received and on the day before sentence.

I also certify and return that from such interviews and the proceedings in court referred to, I became satisfied and am still satisfied that said plea was voluntary and not the result of undue influence.

(Signed)     G. M. HUNTINGTON,
*Circuit Judge.*