## EDWARD E. BAYLISS v. THE PEOPLE.

*Adultery—Jurisdiction of crimes committed on or near a boundary—Examination as to plea of guilty.*

A complaint for adultery between a married woman and an unmarried man may be made by the woman's husband. Comp. L. § 7693.

Offences committed at or within a point one hundred rods from the boundary between two counties may be prosecuted and punished in either county.

An examination of a prisoner by the trial judge to ascertain whether his plea of guilty is voluntary is not necessarily defective because made in open court and in the presence of the prosecuting attorney, though there may be cases where it should be private.

Error to Shiawassee.   Submitted April 27.   Decided June 15.

INFORMATION for adultery.   Respondent brings error. Affirmed.

*McKercher & Bush* for plaintiff in error.

Attorney General *Jacob J. Van Riper* for the People. Complaint for adultery may be made by the husband or wife of the other party to the offence : *Iowa v. Roth* 17 Ia. 336 ; an offence done within a hundred rods of the county line may be prosecuted in either county.: *Com. v. Gillon* 2 Allen 502.

MARSTON, C. J.   An information was filed against the respondent in the circuit court for the county of Shiawassee, charging him with having committed adultery with one Theresa Phœnix at the " Clinton House, an hotel in the village of Ovid in Clinton county, within one hundred rods of the dividing line between said county of Clinton and said county of Shiawassee."   To this information the respondent pleaded guilty and was duly sentenced.   The case is now brought here on writ of error, and the errors assigned are— *First*, that the complaint was not made by the wife of the respondent; *secondly*, that the information charged him with the commission of a crime in the county of Clinton; and *third* that an investigation, after plea and before sentence, was not made by the circuit judge as required the statute, Act 99 of the Session Laws of 1875.

The complaint was made by the husband of Theresa Phœnix, thus following the precedent adopted in *Parsons v. People* 21 Mich. 509, where the question was incidentally

considered and the judgment affirmed. Our statute, section 7693, 2 Comp. Laws, in providing that "no prosecution for adultery shall be commenced but on the complaint of the husband or wife," must be construed in connection with the first section of the same chapter, which declares that when the crime is committed between a married woman and a man who is unmarried, the man shall be deemed guilty of adultery and liable to the same punishment. If in such a case the complaint could not be made by the husband of the woman such unmarried man could not be prosecuted or punished, which certainly was not the intention. We are of opinion that the complaint was properly made under our statute.

As to the second error assigned. The statute in express terms authorizes the prosecution and punishment in either county of offences committed on the boundary or within one hundred rods of the dividing line between two counties. § 7808.

The return of the circuit judge to the writ of *certiorari* issued in this case, shows that he made investigation and became satisfied that the plea of guilty was made freely, with full knowledge of the nature of the accusation and without undue influence. He farther returns that such investigation was made in open court, and that according to his recollection the prosecuting attorney and at least one of the officers of the court were in the court-room at the time. The mere fact that the investigation was made in open court, and that such third parties were present, is not fatal. The statute does not in express terms require a private examination to be made, and although there may be cases, where owing to the tender years of the accused, or for other reasons apparent to the circuit judge, a private examination should be had, yet we cannot hold such to be absolutely necessary. *Henning v. People* 40 Mich. 733; *Edwards v. People*, 39 Mich. 760.

We discover no error in the record and the judgment will stand affirmed.

The other Justices concurred.