## The People v. William T. Ferguson.

*Sentence on plea of guilty—Certiorari in aid of writ of error—Voluntary character of plea.*

The validity of a sentence pronounced upon a plea of guilty does not depend upon its appearing of record in what manner the judge may have proceeded to satisfy himself that the prisoner acted freely in pleading guilty.

If the record upon error in a criminal case in which the accused has pleaded guilty is equivocal as to whether the judge performed his statutory duty of satisfying himself that the plea was voluntary, or if the evidence of his compliance with the statute is only *prima facie,* the plaintiff in error, if he moves seasonably, can have a *certiorari,* in aid of his writ of error, to obtain from the judge a return as to what he had done; but if the fact is left to be determined by the evidence in the return to the writ of error, the plaintiff in error will be presumed to be satisfied with the return and the Supreme Court will be guided by the implications.

Where a prisoner pleaded not guilty on arraignment and four days later appeared in court and obtained leave to withdraw his plea, and thereupon voluntarily withdrew it and pleaded guilty, and six days afterwards, being arraigned for sentence, was asked if he had anything to say why judgment should not be pronounced, and made no objection, it was *held* that the application for leave to withdraw the plea of not guilty was a direct call upon the judge to satisfy himself, as required by statute, that the plea of guilty was voluntary, and that the circumstances made out a *prima facie* case that he did so.

Error to Bay. Submitted Jan. 26. Decided April 5.

Information for larceny from the person. Respondent brings error. Affirmed.

*Thomas A. E Weadock* for plaintiff in error.

Attorney General *Jacob J. Van Riper* for the People.

Graves, C. J. Ferguson being charged with larceny from the person and pleading guilty was sentenced to imprisonment. He sued out a writ of error to bring up the record for review and the return is before us. It contains the pro-

ceedings which usually appear of record where there are no exceptions, and the plaintiff in error has been content with it. He avers that the "said circuit court erred in sentencing said William T. Ferguson upon his plea of guilty, the judge of said court not having made the examination required by Act No. 99 of the Laws of 1875."

This charge of error involves two assumptions—*first*, in substance and effect that "before pronouncing sentence" the circuit judge neglected "to become satisfied after such investigation as he" deemed "necessary for that purpose, respecting the nature of the case and the circumstances of" the plea of guilty, "that said plea was made freely, with full knowledge of the nature of the accusation and without undue influence;" *second*, that the occurrence of such neglect may be gathered from the record. If either of these assumptions is untenable the charge of error falls.

Now the validity of a sentence does not require that it should appear of record in what particular manner the judge may have proceeded to satisfy himself that the prisoner acted knowingly and freely in pleading guilty. The record may imply that the sense of the statute was complied with, or it may imply the contrary, and we have had one case where the record was so equivocal that a *certiorari* was issued to secure a return from the judge relative to his action in reference to the statute. *Edwards v. People* 39 Mich. 760; *Clark v. People* 44 Mich. 308; *Henning v. People* 40 Mich. 733.

Where the question depends on the evidence afforded by the return to the writ of error the court must be governed by the implication. *Edwards v. People*, supra; *Clark v. People*, supra. But in any case where the evidence of compliance with the statute is *prima facie* only, the plaintiff in error may, if he move seasonably, have a *certiorari* in aid of his writ of error. The practice was settled in Henning's case. If he fails to recur to that remedy he must be deemed contented with the return to the writ of error.

What does this record disclose as to whether the circuit judge did or did not become satisfied, after such investiga-

tion as he considered necessary, that in pleading guilty the plaintiff in error acted knowingly and freely and without undue influence? The information was filed and read to him on the 31st of May, 1881, and on the same day the court appointed counsel to defend him and he pleaded not guilty. Four days later he appeared in court and asked leave to withdraw his plea of not guilty and the court granted his application. He thereupon, as the record informs us, voluntarily withdrew his plea of not guilty and pleaded guilty. Another interval occurred of six days and he was then arraigned for sentence on his plea, and on being asked if he had anything to say why judgment should not be pronounced he raised no objection. Here was no hurry, no precipitation. The proceedings were deliberate, and there is no reason to suppose that the plaintiff in error was confused or misled or that the learned and experienced circuit judge overlooked his duty. The application for leave to withdraw the plea of not guilty which occurred in connection with the tender of the plea of guilty was a direct call upon the judge to inquire and satisfy himself as contemplated by the statute, and taking all the indications together a *prima facie* case is made out that he did so.

The judgment should be affirmed.

The other Justices concurred.