### The People v. Walter Lepper.

*Examination as to plea of guilty—Act 99 of 1875.*

A person accused of grand larceny pleaded guilty on arraignment. The judge told him that if his plea was entered he could have no trial and must be sentenced. The prisoner said he understood that. He was then remanded to the sheriff's custody for two days before sentence. Meanwhile the judge inquired of the under-sheriff, in whose charge the prisoner had been, as to what statement he had made to him and he also talked with the sheriff and with the prisoner's wife, and was satisfied that the plea was voluntary. When the prisoner was brought into court to be sentenced, the

judge asked him if he had any reason to urge why judgment should not be passed upon him, and the prisoner said he knew of none. He was accordingly sentenced. *Held*, that the statutory requirement that the judge satisfy himself that a plea of guilty is voluntary, was substantially fulfilled.

Where the action of a judge in investigating the character of a plea of guilty, is reviewed, his return should fully state the details of his inquiry.

Error to Mecosta. (Russell, J.)   June 19.—July 2.

LARCENY.   Respondent was convicted.   Affirmed.

*Blanchard & Cagwin* for respondent appellant.

Attorney General *Jacob J. Van Riper* for the People.

SHERWOOD, J.   The respondent was informed against for grand larceny, convicted on his own plea of guilty, and sentenced to imprisonment at Ionia for four years, on the fifteenth day of March, 1882.   He now brings error, and alleges that the circuit judge, after his plea of guilty was made, and before giving judgment, did not make any investigation into the nature of the case, and the circumstances of the plea of guilty, to satisfy said judge that said plea was made freely, with full knowledge by the respondent of the nature of the accusation against him, and without undue influence, as required by the statute.   This is the only error alleged.

The statute referred to says:   "That whenever any person shall plead guilty to any information filed against him in any circuit court, it shall be the duty of the judge of such court, before pronouncing judgment or sentence upon such plea, to become satisfied, after such investigation as he may deem necessary for that purpose, respecting the nature of the case, and the circumstances of such plea, that said plea was made freely, with full knowledge of the nature of the accusation, and without undue influence.   And whenever said judge shall have reason to doubt the truth of such plea of guilty, it shall be his duty to vacate the same, direct a plea of not guilty to be entered, and order a trial of the issue thus formed."   Pub. Acts, 1875, p. 140.

It appears from the record that when the party was

arraigned he was in charge of the sheriff, and the information was distinctly read over to him in open court, and he was fully apprised of its contents, and of the charge therein contained, and when asked by the court whether he pleaded thereto guilty or not guilty, said that he pleaded guilty. After making this plea he was informed by the judge that in case his plea of guilty was entered to the information he would not be entitled to a trial, and in that case it would be the only duty of the court to sentence him to one of the State's prisons, without a trial, for such time as the court might see fit to fix within the law. The respondent then stated that he understood that, and he was then remanded into the custody of the sheriff to await sentence; that after this the court inquired of the under-sheriff as to what he knew of the alleged offense, and how it was committed, and what statement respondent had made to him, if any, while he was bringing him from the West, and was informed that respondent told the under-sheriff that he was guilty, and intended to plead guilty upon his return. The circuit judge also talked with the sheriff and respondent's wife about the matter, but does not recollect the conversations, but he was satisfied from the statements of the under-sheriff that the respondent voluntarily stated that he was guilty; that two days after he made his plea respondent was brought into court for sentence, and the court then asked the respondent his age; where he had lived; if he had ever been arrested before; if he had anything to say, or any reason to urge why the judgment of the law should not be passed upon him. Respondent replied, "he knew of no reason," and the court says: "I was of the opinion at the trial that his plea of guilty was freely made."

The statute invoked in behalf of this respondent is a beneficent one, and was designed alike for the protection of the prisoner and the public against the imposition and fraud of mercenary persons and unscrupulous officers in procuring prisoners to plead guilty through ignorance, fear or illusive promises, when a fair trial might show them not guilty; and courts whose duty it is to try persons charged with

crime and pronounce sentence upon them cannot be too vigilant in carrying out this statute according to its true spirit in every case where such plea is interposed; and this Court will not hesitate whenever in any case any reasonable doubt exists as to a full compliance with its requirements to set aside the sentence imposed. It is true, it may be said, that in such a case the prisoner has had his day in court; but a proceeding in legal form which fails to give protection and immunity to the liberty of the citizen when innocent, though charged with crime, is unworthy of judicial recognition in this country. The abuses sought to be remedied by this statute are very fully and clearly pointed out by Mr. Justice Campbell in *Edwards v. People* 39 Mich. 760; and we commend to the attention of all our circuit judges the views therein expressed.

In this case it would have been more satisfactory to us had the record furnished more of the particulars of the investigation made by the circuit judge before pronouncing sentence. Still, there appears to have been no undue haste in the matter, and the facts stated in the return, we think, bring the case clearly within the previous rulings of this Court. *Henning v. People* 40 Mich. 733; *Bayliss v. People* 46 Mich. 221; *Clark v. People* 44 Mich. 308; *People v. Ferguson* 48 Mich. 41.

The judgment of the circuit court must be affirmed.

The other Justices concurred.