PEOPLE v. KOBRZYCKI.

Criminal Law—Murder—Confessions—Motion to Vacate Judgment and Plea of Guilty Properly Denied Where Record Convincing That Confession Was Freely Made and Was Truthful.

Where defendant, jointly charged with her paramour with the murder of her husband, entered a plea of guilty, the court made investigation pursuant to 3 Comp. Laws 1915, § 15830, and became satisfied that the confession and plea had been freely made, with full knowledge of the nature of the accusation and without undue influence, a motion to vacate the judgment and plea and for a new trial, based on affidavits of herself and codefendant that she was not guilty, and that she confessed while under his dominating influence, was properly denied.

Error to Macomb; Reid (Neil E.), J. Submitted January 12, 1928. (Docket No. 123.) Decided February 14, 1928.

Antonia Kobrzycki was convicted of murder, and sentenced to imprisonment for life in the Detroit house of correction. Affirmed.

*Jankowski & Chamski*, for appellant.

*William W. Potter*, Attorney General, *James E. Spier*, Prosecuting Attorney, and *John E. Merrill*, Assistant Prosecuting Attorney, for the people.

Clark, J. Defendant was charged with murder. She pleaded guilty, and the court made investigation pursuant to section 15830, 3 Comp. Laws 1915, after plea (*People* v. *Merhige*, 212 Mich. 601), and became satisfied that the plea had been made freely, with full knowledge of the nature of the accusation and without

Criminal Law, 16 C. J. § 2624.

undue influence. The court made further inquiry to determine degree of guilt. On December 31, 1926, defendant was sentenced to Detroit house of correction for life. Motion to vacate judgment and plea and for a new trial was filed on March 30, 1927.

Defendant assigns error on the denial of the motion. She and her husband and children lived in Warren, Macomb county. In the front part of the dwelling the husband conducted a grocery. Adjoining was a barber shop of Alexander Miller.

It appears by the record now before us that Miller began having sexual intercourse with defendant early in 1926. Later, fearing the wrath of defendant's husband and desiring freedom of action, they decided to kill him. In the night of December 15, 1926, while the husband was sleeping, Miller shot and killed him, and in the crime he was aided and assisted by defendant. Both are principals. Miller confessed and pleaded guilty to the charge of murder. So did defendant. After accepting the pleas the court received full detailed statements and testimony from both, respecting the plea and the crime. Both testified again of the crime in the hearing by the court to determine degree of guilt. The confessions also are in the record.

The grounds of the defendant's motion, supported chiefly by her affidavit and that of Miller, are that she is not guilty of the crime charged and that she confessed and pleaded while under the dominating influence of Miller; that she is ignorant, "unable adequately to understand and speak the English language," and that Miller persuaded her to plead guilty. The record is singularly complete. The testimony of defendant and Miller taken after plea relating to the plea and the crime covers 34 pages of the printed record. The confessions in the form of question and answer are exhaustive and cover 46 pages of the

printed record.    Nothing will be gained by further setting forth the evidence.

The record is convincing that defendant's plea was freely and voluntarily made.    The court questioned her fully in that regard.    The record indicates that she understood both questions and answers.    A study of the record, a consideration of the circumstances shown, of the relations of defendant and Miller, their conduct before and after the shooting, lead to the conclusion that defendant and Miller were truthful in confession and in testimony after plea, and are otherwise in their affidavits made to support the motion. We agree with the trial judge that justice has not miscarried.    *People* v. *Williams*, 225 Mich. 133.

Judgment affirmed.

NORTH, FELLOWS, WIEST, McDONALD, and SHARPE, JJ., concurred.    FLANNIGAN, C. J., did not sit.

The late Justice BIRD took no part in this decision.