PEOPLE v. DIXON

1. CRIMINAL LAW—PROBATION—REVOCATION—REVIEW.
   Judgments entered after probation revocation are not appealable as a matter of right.

2. CRIMINAL LAW—PLEA OF GUILTY—DUTY OF THE COURT—PROBATION—REVOCATION—STATUTE.
   Statutory requirement that trial courts, before accepting a plea of guilty, must advise the accused of the nature of the charge against him, of the consequence of his plea and determine that the plea is voluntarily, freely, and understandingly made before accepting it, does not apply to probation revocation proceedings which are not prosecutions within the meaning of the statute (MCLA § 771.4; GCR 1963, 785.3[2]).

Appeal from Monroe, James J. Kelley, Jr., J. Submitted Division 2 July 15, 1969, at Lansing. (Docket No. 5,940.) Decided August 25, 1969.

Edward "Shorty" Dixon was convicted, on his plea of guilty, of violation of probation. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James J. Rostash,* Prosecuting Attorney, and *John J. Sullivan,* Chief Assistant Prosecutor, for the people.

*Stanley M. Krawetz,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]   21 Am Jur 2d, Criminal Law §§ 567, 568.
Court's duty to advise or admonish accused as to consequences of plea of guilty or to determine that he is advised thereof. 97 ALR2d 549.

Before: Bronson, P. J., and Quinn and Danhof, JJ.

Per Curiam. Following hearing on probation violation, defendant's probation was revoked and he was sentenced to a prison term. He appealed as of right by claim of appeal. Although judgments entered after probation revocation are not appealable as of right (*Calhoun* v. *Macomb County Circuit Judge* [1968], 15 Mich App 416), we treat this appeal as on leave granted and consider the merits of the questions raised.

Defendant's brief on appeal argues that the trial court did not comply with GCR 1963, 785.3(2),[1] during the probation revocation proceedings. The people have filed motion to affirm. GCR 1963, 817.5(3).

It is manifest that GCR 1963, 785.3(2), does not apply to a probation revocation hearing under MCLA § 771.4[2] (Stat Ann 1954 Rev § 28.1134), such a proceeding not being a prosecution.

The questions raised, on which decision of the cause depends, are so unsubstantial as to need no argument or formal submission. Accordingly, motion to affirm is granted.

---

[1] The court before sentence and after the guilty plea shall inform the accused of the nature of the accusation and the consequence of his plea and examine defendant to determine that the plea is voluntarily, freely and understandingly made before accepting it.

[2] Hearings on probation revocation "shall be summary and informal and not subject to the rules of evidence of pleadings applicable in criminal trials. * * * The method of hearing and presentation shall be entirely within the discretion of the court which granted probation".