PEOPLE v. STANLEY

Appeal and Error—Criminal Law—Sentence of Probation—Time for Appeal as of Right.
> The time for appeal as of right for a defendant sentenced to probation expires 60 days after the imposition of the probationary sentence.

Appeal from Missaukee, William R. Peterson, J. Submitted Division 3 June 4, 1969, at Grand Rapids. (Docket No. 6,304.) Decided August 25, 1969.

Richard Frederick Stanley was convicted of larceny in a building and placed on probation. Defendant was later found guilty of violating his probation and was sentenced to prison. Defendant appeals. Application for leave to appeal denied.

*Robert A. Burns,* for defendant on appeal.

Before: J. H. Gillis, P. J., and R. B. Burns and V. J. Brennan, JJ.

Per Curiam. Defendant pled guilty to larceny in a building* and, on October 6, 1966, was sentenced to two years' probation. On June 27, 1968, defendant was convicted of violation of probation and sen-

---

* MCLA § 750.360 (Stat Ann 1954 Rev § 28.592).

Reference for Points in Headnote
4 Am Jur 2d, Appeal and Error § 292 et seq.

tenced to two and one-half to four years in prison. Although defendant filed a claim of appeal, his right of appeal had expired 60 days after the imposition of the probationary sentence. *Calhoun* v. *Macomb County Circuit Judge* (1968), 15 Mich App 416. This Court having treated defendant's claim of appeal as a delayed application for leave to appeal and having fully considered the matters raised therein;

It is ordered that the application for leave to appeal be and the same is denied as the Court finds no meritorious basis to grant leave pursuant to GCR 1963, 803.3.