PEOPLE v DRAPER

OPINION OF THE COURT

1. CRIMINAL LAW—PLEA OF GUILTY—TRUTH OF PLEA—PRESERVING QUESTION.

A challenge to the truth or voluntariness of a plea of guilty can only be raised on appeal after the question has been preserved by a motion to withdraw the guilty plea made before the trial court coupled with any necessary evidentiary hearing because the Court of Appeals can base its decision only upon the record before it; a conviction on a plea of guilty is affirmed where on appeal it is alleged for the first time that the plea was untruthful, because it is impossible for the Court to ascertain from the record where the truth lies when it is confronted with assertions in an appellate brief which are inconsistent with the defendant's prior on-the-record statements.

2. CRIMINAL LAW—PLEA OF GUILTY—CONSTITUTIONAL LAW—"RIGHTS" QUESTIONNAIRE—MOOT QUESTION.

Any frailties in a "rights" questionnaire which purported to advise a defendant of his constitutional rights and the consequences of his plea of guilty and purported to have been signed by the defendant prior to the acceptance of defendant's plea of guilty are moot where the defendant was advised of his constitutional rights during the plea proceeding and defendant indicated on the record that he understood those rights.

CONCURRENCE IN PART, DISSENT IN PART BY T. M. BURNS, P. J.

3. CRIMINAL LAW—MINIMUM SENTENCE—DUTY OF TRIAL JUDGE.

*The burden is upon the trial court and the trial court alone to set the minimum sentence according to the needs of each particular case; therefore, it is error for the trial court first to set the*

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error §§ 352, 355.
[2] 5 Am Jur 2d, Appeal and Error § 761.
[3] 21 Am Jur 2d, Criminal Law § 569 *et seq.*

*minimum sentence and then promise to approve a defendant's release on parole whenever the corrections department and parole board recommend even if it precedes the expiration of the minimum sentence.*

Appeal from Oakland, Arthur E. Moore, J. Submitted Division 2 June 18, 1973, at Lansing. (Docket No. 16283.) Decided August 30, 1973.

Joe L. Draper was convicted, on his plea of guilty, of assault with intent to rob while armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, and *Robert C. Williams,* Appellate Counsel, for the people.

Joe L. Draper, *in propria persona.*

Before: T. M. BURNS, P. J., and McGREGOR and VAN VALKENBURG,* JJ.

PER CURIAM. Defendant pled guilty to a charge of assault with intent to rob while armed, contrary to MCLA 750.89; MSA 28.284. He was sentenced to a term of 10 to 30 years in prison and appeals as of right.

Appellate counsel filed a brief which, in essence, stated that counsel was unable to find any defect in the taking of the plea. Our independent review of the record convinces us that appellate counsel was correct in this regard. Defendant was fully and accurately advised of his constitutional rights. The record contains a substantial factual basis to

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

support the plea; and defendant indicated on the record that his plea was truthful and voluntary.

Defendant, being dissatisfied with his appellate counsel, requested that he have additional time to file a brief in his own behalf. This Court granted that request. Defendant subsequently filed with this Court a supplemental brief raising essentially two issues; one relating to the truthfulness of the plea and one relating to the use of the "rights" questionnaire used in Oakland County Circuit Court.

Defendant asserts for the first time in this appeal that his plea was not truthful, in that he was innocent of the crime, had no personal knowledge of the crime, and answered as he did on the record only after being previously coached by trial counsel. It is impossible for this Court to ascertain where the truth lies, when, as here, we are confronted with assertions in an appellate brief which are inconsistent with defendant's prior on-the-record statements. Since this Court can only base its decision upon the record before it, it is incumbent on defendant to create the necessary record in the trial court. A challenge to the truth or voluntariness of the plea can only be raised on appeal after the question has been preserved by a motion to withdraw the guilty plea made before the trial court, coupled with any necessary evidentiary hearing. See *People v Taylor,* 387 Mich 209; 195 NW2d 856 (1972).

Defendant's arguments with respect to the use of the "rights" questionnaire are without merit, since there is no claim that the use of the questionnaire was a substitute for an on-the-record examination of the defendant. Since defendant herein was informed of all his constitutional rights by the judge during the plea proceeding and defendant indicated on the record that he understood

those rights, any frailties of the questionnaire are moot.

Affirmed.

McGREGOR and VAN VALKENBURG, JJ., concurred.

T. M. BURNS, P. J. *(dissenting in part, concurring in part).*

Although I agree with the majority opinion insofar as it relates to the defendant's guilty plea and the use of the rights questionnaire, another issue not raised by the defendant but apparent from the record merits discussion, namely: whether a proper sentence was imposed by the trial court.

In *People v Lessard,* 22 Mich App 342; 177 NW2d 208 (1970), a pre-*Tanner* case,* the trial court while sentencing a defendant expressed dissatisfaction with the department of corrections and indicated that it believed the parole board was mechanically releasing prisoners as soon as they had served their minimum term. The trial court indicated that although it had set low minimum sentences in the past, it was changing its policy in view of the actions of the parole board. The trial court then imposed a sentence which was one day short of the statutory maximum. The defendant appealed. This Court remanded the case for resentencing holding that the indeterminate sentencing statute MCLA 769.8; MSA 28.1080, required the trial court to tailor the minimum sentence to the needs of each particular case.

Here it is apparent that the trial court is follow-

---

* *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972), decided July 26, 1972, which held that in imposing indeterminate sentences, the minimum sentence could not exceed two-thirds of the maximum sentence.

ing the same policy condemned in *Lessard*. The trial court set a ten-year minimum sentence but at the same time indicated that it regarded the minimum sentence as meaningless. This is borne out by the following excerpt from the trial court's judgment of sentence which reads:

"The Court asserts and reaffirms its promise to approve respondent's release on parole under the provisions of the parole statute, MSA 28.2303 [MCLA 791.233], whenever the Corrections Department and Parole Board recommend respondent's release, even though this may precede the expiration of the minimum term imposed in this sentence, and I hereby notify the Corrections Department and the Parole Board of this State, and request, that they propose and recommend parole at such time as they believe merited, regardless of the minimum term set herein."

In the event the department of corrections accepts the trial court's statement literally, the trial court has in effect delegated the power to set a minimum sentence to the department of corrections. On the other hand, if the department treats the ten-year minimum sentence as it would any other, the defendant will be unjustly penalized because the trial court does not approve of the manner in which the department treats minimum sentences.

It is clear the trial court is of the opinion that sentences should be wholly indeterminate. However, whatever the merits of this view, it is not the law. The burden is upon the trial court and the trial court alone to set the minimum sentence according to the needs of each particular case. It was not done here.

Therefore, I vote to remand the case for resentencing.