PEOPLE v PHILLIP BANKS

1. CRIMINAL LAW—PLEA OF GUILTY—ACCEPTANCE OF GUILTY PLEA.

A trial judge is under the obligation to accept a guilty plea only after interrogating the defendant as to the crime committed and his participation in the crime.

2. CRIMINAL LAW—PLEA OF GUILTY—INCLUDED OFFENSE—CONSTITU-TIONAL LAW—FIFTH AMENDMENT RIGHTS.

A defendant conclusively waives his Fifth Amendment rights for purposes of plea-taking proceedings when he decides to plead guilty of a lesser included offense (US Const, Am V).

Appeal from Recorder's Court of Detroit, Michael J. Connor, J. Submitted Division 1 December 10, 1973, at Detroit. (Docket No. 17084.) Decided January 23, 1974.

Phillip Banks was convicted, on his plea of guilty, of assault with intent to commit armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Michael Lang,* Assistant Prosecuting Attorney, for the people.

*Robert R. Mallory (Carl Ziemba,* of counsel), for defendant on appeal.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 484 *et seq.*
[2] 21 Am Jur 2d, Criminal Law § 494.

Before: Lesinski, C. J., and Bashara and Van Valkenburg,* JJ.

Per Curiam. Defendant pled guilty to the crime of assault with intent to commit armed robbery. MCLA 750.89; MSA 28.284. He appeals his conviction, alleging that the trial judge erred in failing to advise him that he had the right to remain silent during the hearing required by GCR 1963, 785.7 (1) for accepting a guilty plea.

A review of the record discloses that the trial judge fully complied with plea-taking procedures set forth in *Boykin v Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969), and *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972). Having done so, the trial judge was under the further obligation to accept the guilty plea only after interrogating the defendant as to the crime committed and his participation therein. GCR 1963, 785.7(3). See also *People v Taylor,* 387 Mich 209; 195 NW2d 856 (1972).

When a defendant decides to plead guilty to a lesser included offense, he conclusively waives Fifth Amendment rights for purposes of plea-taking proceedings. *Boykin v Alabama, supra.*

Affirmed.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.