PEOPLE v SCHNEFF

1. CRIMINAL LAW—PLEA OF GUILTY—TRUTH OF PLEA—EXAMINATION.

   It is the duty of the trial judge to question a defendant directly
   upon a plea of guilty for the purpose of establishing the crime
   and the defendant's participation therein (MCLA 768.35).

2. CRIMINAL LAW—PLEA OF GUILTY—VALIDITY.

   A plea of guilty must be voluntary, understandingly made, and
   supported by a factual basis to be valid (GCR 1963, 785.3[2]).

3. CRIMINAL LAW—PLEA OF GUILTY—PORTIONS OF CRIME.

   A plea of guilty cannot be tailored to include only those portions
   of the crime charged which are less reprehensible than others.

4. CRIMINAL LAW—PLEA OF GUILTY—UNDERSTANDING PLEA—CRUELTY
   TO CHILDREN.

   A defendant's plea of guilty was understandingly made where the
   defendant attempted to restrict his plea of guilty to negligently
   depriving his children of necessary food, clothing, or shelter
   and thereby exclude that portion of the statute prohibiting
   cruel and unlawful punishment of children since the portions
   of the statute are so intrinsically related that it is unnecessary
   to categorize each specific act chargeable to the defendant
   (MCLA 750.136).

5. CRIMINAL LAW—PLEA OF GUILTY—FACTUAL BASIS—PRELIMINARY
   EXAMINATION.

   The trial court's duty upon a plea of guilty to ascertain by
   examination facts which would convince the court that a crime
   has been committed by the defendant is not met by reliance
   upon facts which appear on the record of the preliminary
   examination, but is limited rather to a determination upon

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 486, 487.
[1–8] 21 Am Jur 2d, Criminal Law § 484 *et seq.*
[2] 21 Am Jur 2d, Criminal Law § 485.
[3, 4] 21 Am Jur 2d, Criminal Law § 493.
[9] 21 Am Jur 2d, Criminal Law § 495.

facts presented at the hearing at which the plea was taken (MCLA 768.35).

6. Criminal Law—Plea of Guilty—Factual Basis—Preliminary Examination—Consent by Defendant.

A defendant's consent to allow the trial court to rely on the record of the preliminary examination as a factual basis that a crime has been committed by the defendant does not relieve the trial court of its duty to ascertain such a basis independently from facts presented at the hearing at which the plea of guilty was taken.

7. Criminal Law—Plea of Guilty—Factual Basis—Appeal and Error.

Challenges to the factual sufficiency of the trial court's determination at the hearing at which a plea of guilty was taken involving matters not on the record of the hearing must be perfected in the trial court by a motion for new trial prior to appellate review.

8. Criminal Law—Plea of Guilty—Factual Basis—Appeal and Error.

Appellate review of the trial court's determination that a factual basis existed for acceptance of a plea of guilty is limited to an examination of the record of the hearing at which the plea was taken.

9. Criminal Law—Plea of Guilty—Appeal and Error.

Matters which appear on the record of the hearing at which a plea of guilty was taken may be reviewed by the appellate court without first requiring a motion for new trial.

Appeal from Monroe, James J. Kelley, Jr., J. Submitted Division 2 June 20, 1972, at Lansing. (Docket No. 12507.) Decided October 25, 1972. Leave to appeal granted, 389 Mich 781.

Gene E. Schneff was convicted, on his plea of guilty, of cruelty to children. Defendant appeals. Plea of guilty vacated and remanded with instructions.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James J. Rostash,* Prosecuting Attorney, *John R. Whitehouse,* Chief

Assistant Prosecutor, and *Richard E. Lamb,* Assistant Prosecutor, for the people.

*Patricia Costello,* for defendant on appeal.

Before: FITZGERALD, P. J., and QUINN and DANHOF, JJ.

FITZGERALD, P. J. Defendant appeals as of right from a plea-based conviction seeking to set aside his plea and sentence because of the trial court's failure to substantially comply with the requirements of MCLA 768.35; MSA 28.1058 and GCR 1963, 785.3. It is specifically argued that insufficient evidence was adduced during the trial judge's interrogation to permit defendant to issue an understanding plea and enable the court to establish a factual basis to support the truth of the defendant's plea of guilty to the charge of cruelty to children. Motion to withdraw plea was not made.

Defendant, Gene Edward Schneff, pled guilty to two counts of cruelty to children, MCLA 750.136; MSA 28.331; namely, negligently depriving each of his 28-day-old twins, Kimberly and Timothy Schneff, of "necessary food, clothing or shelter."

On December 18, 1970, social worker Jane Richter made a routine visit to the home of defendant to inquire about the twins. Defendant went to check on them, returning shortly after to report that both children were dead. The babies were discovered face down in a bassinet. Both defendant and his wife appeared distressed at the discovery, and he stated to Mrs. Richter that the night before he had put the babies to bed face to face to discourage their crying. He had not heard them crying from midnight until the time of discovery—11 o'clock the following morning.

At the preliminary examination, Dr. George

Diehl testified to examining the deceased twins after their death and to being present during the autopsy. He stated that both children had been suffering from an infection for several days, that they were dehydrated, and were suffering from malnutrition. Symptomatic evidence of pneumonia was present, and both were suffering from diarrhea. The boy, Timothy, sustained internal hemorrhages indicating a traumatic injury. The doctor prepared the death certificates and ascribed the death of Kimberly Schneff to acute pneumonitis, malnutrition, and dehydration. The death of Timothy Schneff was attributed to a laceration of the spleen, malnutrition, and dehydration. Both deaths were said to have occurred about 5 or 6 a.m., December 18, 1970.

On June 18, 1971, the date upon which the guilty plea was entered, defendant was informed of and individually waived his right to trial by jury, the right to confront his accusers, and his privilege against self-incrimination as required by *Boykin v Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969), and *People v Jaworski,* 387 Mich 21 (1972). Defendant, through his court-appointed counsel, filed a claim of appeal with this Court.

Two issues are raised on appeal. First, did the trial court proceedings elicit an understanding plea with sufficient factual basis to support the truth of defendant's plea of guilty to the charge of cruelty to children? MCLA 768.35; MSA 28.1058 requires that the court have reason to believe the truth of the plea offered—an additional requisite not contained in the guarantees provided under waiver of constitutional rights.

It is the duty of the trial judge to question the defendant directly for the purpose of establishing the crime and his participation therein. *People v Barrows,* 358 Mich 267 (1959). Though *Barrows*

and later cases* suggest "factual basis for" and "truth of" the plea are independent criteria to be met, both terms relate to the final sentence of MCLA 768.35; MSA 28.1058, and necessarily require that the *trial judge* be satisfied of the truthfulness of the plea. His (trial judge's) satisfaction is distinguishable from the "understanding" requirement stated in GCR 1963, 785.3 which requires that the *defendant* be informed of the nature of the accusation and the consequences of his plea. Thus, for a guilty plea to be valid, it must be voluntary, understanding, and supported by a factual basis. No issue of voluntariness being raised, we discuss the remaining two elements; understanding and factual basis.

The information charged that the defendant did "cruelly or unlawfully punish said [children]; or unlawfully and negligently deprive said [children] of the necessary food or clothing, and *habitually caused or permitted the health of such [children] to be injured, [their lives] endangered by exposure, want, or other injury to [their] person"*. (Emphasis supplied.)

The thrust of defendant's contention is that he pled guilty to only a portion of MCLA 750.136,

---

* In *People v Carlisle,* 387 Mich 269 (1972), the Court acknowledged that establishing the truth of the plea is directly dependent upon whether a factual basis existed at the time the plea was taken. The plea will be truthful if a factual basis is established. It also considered truthfulness in the context of whether or not the accused made an understanding plea, reasoning that if defendant did not know the nature of the crime charged, the plea could not be given truthfully. Yet the manner in which the issues were framed indicate truthfulness and understanding are not synonymous. Rather, a truthful plea is one given with an adequate factual basis. *People v Rufus Williams,* 386 Mich 277, 284 (1971), interpreted *Barrows* as formulating a twofold test as to whether a factual basis existed for acceptance of the guilty plea. It required establishing the crime and the participation therein of the person pleading guilty in addition to the trial judge being convinced of the truthfulness of the plea. The interrelation between the two is such that satisfaction of a factual basis necessarily results in a truthful plea.

namely, negligence in depriving his children of food, clothing, or shelter. However, the exchange between the trial judge and defendant established that the crime committed was failure to provide medical attention for his children—a crime not charged under the information filed.

The facts indicate the guilty plea was understandingly made. Counsel, at arraignment, reported that the information had been read and understood by defendant; acceptance of the plea on the counts charged was extensively discussed between counsel and defendant; defendant admitted to endangering the health of the children. Counsel, at trial, attempted to restrict the plea to negligently depriving the children of necessary food, clothing, or shelter. Despite the disjunctive construction of the statute, submission of a guilty plea cannot be tailored to include only those portions of the statute which are less reprehensible than others. However, even if the portion reading "cruelly or unlawfully punishes" children were excluded, the clause "or who habitually causes or permits the health of such child to be injured, his or her life endangered by exposure, want or other injury to his or her person" is so intrinsically related to deprivation of food, clothing or shelter that a cause-and-effect analysis loses persuasiveness in attempting to categorize the specific act (or failure to act) chargeable to defendant. Each child died of malnutrition and dehydration. To consider the crime committed as being failure to provide medical attention overlooks the very reason for which medical attention was required.

Defendant further contends the prosecution should have been more specific in the charge contained in the information in order to properly inform the defendant, citing *People v Mankel,* 373

Mich 509, 510–511 (1964). In *Mankel,* the prosecution sought to interchange for the word "shelter" in MCLA 750.136; MSA 28.331, the phrase "medical attention, in that he failed to obtain the services of a physician while the said Shawn Allen Mankel was mortally injured". No other part of the statute appeared in the information. The Court interpreted the narrow issue of whether or not the substituted phrase could be given the same meaning as shelter, and correctly ruled that in ordinary parlance the two are not susceptible of the same meaning. We do not deal with substituted terms here, but rather with a charge including conduct which endangers the life of a child by "exposure, *want,* or other injury to his [or her] person". (Emphasis supplied.) We conclude the plea was understandingly made.

Whether or not a sufficient factual basis existed to support the truth of the plea is a separate consideration. MCLA 768.35; MSA 28.1058, requires that the trial judge be satisfied that the defendant did indeed commit the crime for which he is charged. Recently decided *People v Taylor,* 387 Mich 209, 225 (1972), specifically provided "it is the court's duty to ascertain by its examination facts which would convince the court that indeed a crime had been committed by the defendant". Footnote 10 to that case further states:

"It is not sufficient that such facts appear on the record of the preliminary examination. See *People v Zaleski,* 375 Mich 71, 81 (1965), and *People v Rufus Williams,* 386 Mich 277, 284–285 (1971)."

This language clearly rejects the "all proceedings" interpretation of the term "record" and limits examination to the transcript of the hearing at which the plea was taken. A study of the instant

transcript reveals that the defendant affirmatively agreed to the court's consideration of the testimony received during the preliminary examination in determining whether or not to accept the plea. Following is the colloquy which took place at the plea-taking:

"*The Court:* You were present at the preliminary examination of this case?

"*Mr. Schneff:* Yes.

"*The Court:* In district court?

"*Mr. Schneff:* Yes.

"*The Court:* Did you hear the testimony taken there?

"*Mr. Schneff:* Yes.

"*The Court:* As far as you are concerned, is it all true?

"*Mr. Schneff:* No.

"*The Court:* What part is not true?

"*Mr. Schneff:* The part of David Nickel where he said that he offered assistance to take me to the doctor to get the kids there. Well, this is wrong because his mother's car wasn't able to move. The transmission was out.

"*Mr. Sullivan:* His mother's car?

"*Mr. Schneff:* His mother's car.

"*The Court:* All right, except for that, is it all true as far as you are concerned?

"*Mr. Schneff:* Yes, sir.

"*The Court:* Is there any objection to my considering that testimony in determining whether I should accept your plea?

"*Mr. Schneff:* No, sir."

It is here that the *Taylor* decision poses problems due to its rejection of the use of the preliminary examination. We have before us an informed agreement by defendant to the use of the preliminary examination. Yet *Taylor's* flat proscription of the use of the preliminary examination transcript

does not allow consideration of this consent by defendant.

Beyond this, a literal application of *Taylor* runs afoul of the specific purpose of the preliminary examination. The purpose of a preliminary examination is an inquiry to ascertain whether the crime charged has been committed and, if so, if there is probable cause to believe that the accused committed it. *People v Bean,* 7 Mich App 402 (1967). It follows then that the determination of the magistrate that the crime charged has been committed is a judicial determination which *Taylor* relegates to a vacuum for any purpose save establishing jurisdiction. We are bound thereby, though the *Taylor* rule appears to produce, at least in this case, an untoward result.

*Taylor* mandates that factual support contained in the preliminary examination bears no legal relevancy to the sufficiency of a factual basis in accepting the plea. Consequently, this procedural error prevents the court from eliciting a factual basis for the guilty plea based upon the transcript. For this reason the guilty plea must be vacated and the case remanded to establish a factual basis for acceptance of the guilty plea.

The second issue deals with whether or not defendant was *required* to enter a motion for a new trial prior to a direct appeal from a conviction based upon a guilty plea. Defendant asserts he was entitled to a direct appeal, again on the basis of *People v Taylor,* 383 Mich 338 (1970). Focusing upon one of three limited grounds for reversal on direct appeal, the Court stated at p 359:

"3. That upon the record before the trial judge at the time the plea of guilty was accepted, the trial court abused its discretion in accepting the plea of guilty."

Defendant cites specific language in support of reversal by noting:

"In the third class, fall those cases wherein the court should not have accepted the plea in the first place, such as: *ambiguous or equivocal admission of guilt.*" (Emphasis supplied.)

Since defendant's responses were insufficient to establish a violation of the information charged, he contends he did not know the nature of the accusation filed against him nor was there a sufficient factual basis to support the truth of defendant's plea of guilty.

A subsequent case by the same name, *People v Taylor,* 387 Mich 209 (1972), addressed this very issue as a matter of first impression. The Court exercised its inherent right to review *sua sponte,* yet did not specifically require challenges to the factual sufficiency of the guilty plea record to be perfected in the trial court by a motion for new trial. It distinguished cases involving matters not on the record from those in which the issue appears on the record. Those matters not on the record *must* first be brought to the trial court for review. *People v Carlton,* 5 Mich App 20 (1966). Several later cases considered the voluntariness of the guilty plea with facts outside the record in which review was begun in the trial court, though the issue of where such review should begin was not raised. See *People v Rufus Williams, supra; People v Johnson,* 386 Mich 305 (1971).

Whether or not a factual basis existed in accepting a guilty plea requires examination of the record *only.* It is the contents of the record itself (or lack of them) which raise the issue of whether or not a factual basis was present in the record. If a reasonable doubt as to the sufficiency of defend-

ant's factual recitation of guilt exists, it is within the power of the appellate court to review the matter. Citing *Barrows, supra,* review of which began in the trial court, Justice WILLIAMS clearly states that whether or not the investigation was satisfactory was a matter *on the record.* Following analysis of several other cases where the issue appears directly on the record, he concludes:

"Upon consideration of all of these cases, we find that commencing post-plea review of guilty pleas in the trial court is the preferable policy." *(Taylor, supra,* 220–221.)

As we understand the 1972 *Taylor* decision those cases involving matters not already on the record *must* first be brought to the trial court for review. Those matters which appear in the record may be reviewed by the Court of Appeals without first requiring a motion for new trial. While initiating review in the trial court may be more expeditious, as Justice WILLIAMS indicates, review is merely more properly brought in the trial court. This language falls short of imposing a mandatory requirement that review begin in the trial court.

We conclude that a direct appeal by defendant was proper. The guilty plea is vacated and the case remanded for determination of a factual basis for acceptance of the guilty plea.

All concurred.