PEOPLE v LUSTER

1. Criminal Law—Effective Assistance of Counsel—Evidentiary Record.

An appellate court will not reverse for lack of effective assistance of counsel, where a defendant alleges such lack based on facts which do not appear of record, after he has made a motion for a new trial and has failed to make a testimonial record at the trial court level in connection with that motion which supports his claim and excludes reasonable hypotheses consistent with the view that his trial lawyers represented him adequately.

2. Criminal Law—Effective Assistance of Counsel—Opportunity to Prepare.

There is no reversible error because trial counsel failed to be prepared at the date set for a defendant's trial when the record shows that defendant had the opportunity to prepare his case but did not avail himself of it where he had failed to contact his appointed counsel regarding names and addresses of alibi witnesses and had failed to inform that appointed counsel regarding his decision to retain his own counsel, matters of information reasonably anticipated by appointed counsel.

3. Criminal Law—Mistake of Counsel—Limiting Instruction—Use of Narcotics.

The failure of trial counsel in defendant's trial for assault with intent to do great bodily harm less than murder to request a limiting instruction regarding defendant's admitted use of narcotics is not a mistake of such serious proportion that but for it defendant may not have been convicted, and a new trial is not warranted.

References for Points in Headnotes
[1] 5 Am Jur 2d, Appeal and Error § 545.
[1, 3] 21 Am Jur 2d, Criminal Law § 315.
Incompetency of counsel chosen by accused as affecting validity of conviction, 74 ALR2d 1390.
[2] 21 Am Jur 2d, Criminal Law §§ 222, 237, 311, 312.
[4] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 8.

4. CRIMINAL LAW—JUVENILE RECORD—EVIDENCE—SENTENCING.

> The statutory provision against the use of juvenile records prohibits their use as evidence, but the use of such records at the time of sentencing does not constitute their use as "evidence" (MCLA 712A.23).

Appeal from Recorder's Court of Detroit, John R. Murphy, J. Submitted Division 1 June 13, 1972, at Detroit. (Docket No. 11459.) Decided December 6, 1972. Leave to appeal applied for.

John E. Luster was convicted of assault with intent to do great bodily harm less than murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Daniel S. Seikaly,* Assistant State Appellate Defender, for defendant.

Before: V. J. BRENNAN, P. J. and QUINN and O'HARA,* JJ.

V. J. BRENNAN, P. J. Defendant was tried before a jury in the Detroit Recorder's Court and was convicted of assault with intent to do great bodily harm less than murder. (MCLA 750.84; MSA 28.279). Defendant's motion for a new trial was denied, and he appeals as of right.

Defendant's first allegation of error is that he was denied the effective assistance of counsel. The defendant was arrested on November 3, 1970, and an attorney was appointed to represent him

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

shortly thereafter. The attorney appeared with the defendant at his preliminary examination on November 6, 1970, and secured a reduction of defendant's bond on December 18, 1970. After defendant had posted bond, counsel suggested that in view of the fact that he was financially able to post bond, defendant should retain his own counsel. Also at this conference, defendant's appointed counsel agreed to file a notice of alibi defense in his behalf as soon as the defendant furnished him with the names and addresses of alibi witnesses. According to the record before us, this conversation was apparently the last meeting between defendant and appointed counsel prior to the date of trial.

On January 20, 1971, the date set for trial, appointed counsel appeared and indicated to the court that he was not ready to proceed. Counsel stated that he was unprepared due to the fact that the defendant had agreed to retain counsel, and also due to the fact that defendant never furnished him with the names and addresses of alibi witnesses. Defendant was brought to trial the next day, and was represented throughout the trial by appointed counsel.

The defendant points out that if a criminal defendant, and his counsel, do not have an opportunity to adequately prepare for trial, then the defendant has been denied the effective assistance of counsel. *Williams v Beto,* 354 F2d 698, 705 (CA 5, 1963); *Coles v Peyton,* 389 F2d 224, 226 (CA 4, 1968); *Townsend v Bomar,* 351 F2d 499, 501–502 (CA 6, 1965).

Despite the fact that his counsel was appointed 2-1/2 months before trial, defendant nevertheless argues that he was denied the opportunity to properly prepare a defense. He argues that the effect of going to trial one day after his counsel

stated that he was unprepared was tantamount to appointing counsel the day before trial.

The record before us does not indicate that counsel's performance at trial was substandard. However, the defendant argues that it is difficult to discover a lack of preparation by examining the trial transcript.

"When inadequate representation is alleged, the critical factual inquiry ordinarily relates to matters outside the trial record: whether the defendant had a defense which was not presented; whether trial counsel consulted sufficiently with the accused, and adequately investigated the facts and the law; whether the omissions charged to trial counsel resulted from inadequate preparation rather than from unwise choices of trial tactics and strategy." *Brubaker v Dickson,* 310 F2d 30, 32 (CA 9, 1962).

With these very facts in mind, this Court has held that, in a case of this nature, it is the obligation of the defendant to make an evidentiary record to support his allegations.

"A convicted person who attacks the adequacy of the representation he received at his trial must prove his claim. To the extent his claim depends on facts not of record, it is incumbent on him to make a testimonial record at the trial court level in connection with a motion for a new trial which evidentially supports his claim and which excludes reasonable hypotheses consistent with the view that his trial lawyer represented him adequately." *People v Jelks,* 33 Mich App 425, 431 (1971); see, also, *People v Melvin Harris,* 36 Mich App 231, 236 (1971).

The record before us does not establish that defendant was denied the opportunity to prepare his case. If anything, the record in its current state tends to establish that the defendant failed to avail himself of the assistance of counsel. The

fact that his appointed counsel was unprepared at the date set for defendant's trial appears to be due to the fact that counsel expected defendant to contact him again with the names and addresses of alibi witnesses and furthermore that counsel anticipated that defendant would retain his own counsel. In short, the record reveals that defendant had the opportunity to prepare his case but did not avail himself of it. This does not constitute reversible error. *Finnegan v United States,* 223 F Supp 758 (MD Pa, 1963), *aff'd* per curiam, 323 F2d 870 (CA 3, 1963).

The defendant next argues that the failure of his trial counsel to request a limiting instruction regarding defendant's admitted use of narcotics was an error of such magnitude as to require reversal under *People v Degraffenreid,* 19 Mich App 702, 716 (1969). The applicable language from that opinion is as follows:

"Where the lawyer's mistake is of such serious proportion that it may have been decisive, where but for the lawyer's mistake the defendant might not have been convicted, the court may, despite failure to have preserved the error by timely objection, grant a new trial."

We simply cannot agree that counsel's failure to request a limiting instruction was an error of that magnitude.

Defendant's final argument is that the trial court improperly considered defendant's juvenile record in sentencing. This Court has recently begun to reconsider its position regarding the use of juvenile records for sentencing and the interpretation of the relevant statutory provision:

"A disposition of any child under this chapter, or any

evidence given in such case, shall not in any civil, criminal or any other cause or proceeding whatever in any court, be lawful or proper evidence against such child for any purpose whatever, *except in subsequent cases against the same child under this chapter."* (Emphasis added.) MCLA 712A.23; MSA 27.3178 (598.23).

In *People v McFarlin,* 41 Mich App 116 (1972), a panel of this Court recently held that the cited statutory provision prohibits the use of juvenile records in sentencing. Yet, another panel of our Court held just the opposite, *People v Pence,* 42 Mich App 215 (1972). The statutory prohibition is against the use of juvenile records as evidence. The use of such records at time of sentencing does not constitute their use as "evidence", *People v Coleman,* 19 Mich App 250, 256 (1969).

When a defendant is being sentenced, the adversary or guilt-finding process is over. The purpose of the statute is to protect the former juvenile offender. In order for the trial court to properly assist him now that he is an adult offender, it is necessary to know all about him. How does a medical doctor prescribe a medicine aimed at curing unless he knows the patient's entire history of illness?

A judge to prescribe supervision aimed at rehabilitation must know the entire personality. As much as he needs to know of an offender's possible assaultive nature, so, also, he must be aware if the individual being sentenced has been in no other trouble. To eclipse part of the entire personality, character, previous environment, and behavior pattern casts the shadow of doubt on the subsequent prescribed treatment or disposition.

Affirmed.

All concurred.