PEOPLE v D'ARGIS

1. CRIMINAL LAW—PLEA OF GUILTY—APPEAL AND ERROR.

    Judicial review of pleas of guilty preferably should be commenced in the trial court in all instances, but where a review of matters not on the record is being sought, review of such pleas in the trial court is a mandatory requirement; however, where matters on the record are involved, the Court of Appeals will consider the adequacy of a factual basis for a defendant's guilty plea, if the question is before the Court, even though the defendant has failed to make motion in the trial court for vacation of his plea or for a new trial.

2. BURGLARY—BREAKING AND ENTERING—PLEA OF GUILTY—FACTUAL BASIS.

    An insufficient factual basis to support the truth of defendant's plea of guilty of breaking and entering was shown where defendant's statements, when questioned by the trial judge, failed to establish that a crime had been committed, or that he had participated therein, but merely had indicated that he had accompanied the grandson of the complainant to the latter's house, that he had entered it with the grandson, and that he had helped carry articles from the house to a friend's car, with no testimony being elicited to show whether the grandson had permission to enter the complainant's house or the right to remove the articles taken (MCLA 768.35).

3. CRIMINAL LAW—PLEA OF GUILTY—CONFRONTATION RIGHT—FAILURE TO APPRISE.

    A trial judge's statement to defendant that he could have a battery of lawyers throughout the trial to advise him, to question witnesses for him, to call witnesses on his behalf, and to assist him in other ways, did not adequately inform defendant of his constitutional right to confront his accusers and to examine adverse or complaining witnesses.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 495.
[2] 13 Am Jur 2d, Burglary § 8 *et seq.*
    30 Am Jur 2d, Evidence § 1080 *et seq.*
[3] 21 Am Jur 2d, Criminal Law § 218 *et seq.*

Appeal from Recorder's Court of Detroit, John R. Murphy, J. Submitted Division 1 November 9, 1972, at Detroit. (Docket No. 13268.) Decided December 6, 1972.

Gerald D'Argis was convicted, on his plea of guilty, of attempted breaking and entering. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Stuart L. Young,* for defendant on appeal.

Before: LESINSKI, C. J., and FITZGERALD and VAN VALKENBURG,* JJ.

FITZGERALD, J. This appeal as of right seeks to set aside a plea-based conviction. Defendant challenges the sufficiency of the factual basis of the plea and the trial court's failure to apprise him of his constitutional right to confront his accusers.

Defendant was concurrently charged with breaking and entering an occupied dwelling with intent to commit a felony,[1] and with possession of a narcotic drug *(i.e.,* marihuana).[2] On August 17, 1971, he pled guilty to the lesser included offenses of attempted breaking and entering and attempted

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA 750.110; MSA 28.305

[2] MCLA 335.153; MSA 18.1123

possession of a narcotic drug.[3] He was sentenced to 4-1/2 to 5 years imprisonment for each offense. Following appeal, the prosecutor filed a motion to affirm pursuant to GCR 1963, 817.5(3). This Court denied the prosecution motion and, on authority of *People v Sinclair,* 387 Mich 91 (1972), reversed defendant's conviction for attempted possession of marihuana, by order of June 26, 1972. The Court further ordered that the parties brief the question of whether the trial court complied with the standards set forth in *People v Jaworski,* 387 Mich 21 (1972), in accepting defendant's plea of guilty.

Two issues are raised on appeal. First: Did the trial court elicit sufficient factual basis to support the truth of defendant's plea of guilty to the charge of attempted breaking and entering? Defendant contends the statute providing for acceptance of a plea of guilty enumerated in MCLA 768.35; MSA 28.1058[4] has been expanded to include voir dire of the defendant as to the elements of the crime itself.[5] The elements of breaking and entering are 1) a breaking and entering; 2) felonious intent; and 3) an occupied dwelling.[6] Defendant argues the plea record is devoid of any admissions of statements as to the aforementioned elements.

---

[3] MCLA 750.92; MSA 28.287

[4] "Whenever any person shall plead guilty to an information filed against him in any court, it shall be the duty of the judge of such court, before pronouncing judgment or sentence upon such plea, to become satisfied after such investigation as he may deem necessary for that purpose respecting the nature of the case, and the circumstances of such plea, that said plea was made freely, with full knowledge of the nature of the accusation, and without undue influence. And whenever said judge shall have reason to doubt the truth of such plea of guilty, it shall be his duty to vacate the same, direct a plea of not guilty to be entered and order a trial of the issue thus formed."

[5] *People v Porchia,* 21 Mich App 222 (1970); *People v Richard E. Johnson,* 8 Mich App 204 (1967); *People v Perine,* 7 Mich App 292 (1967).

[6] Fn 1, *supra.*

The prosecution contends defendant failed to lay the requisite foundation for the present appeal by motion to vacate the plea or a motion for new trial. In addition, the prosecution argues that the trial court is not required to inform defendant of each and every element of the crime and that a sufficient factual basis is obtained by a reasonable ascertainment of the truth of the plea.

We think the plea of guilty must be vacated and the case remanded to the trial court. The basis for this conclusion rests with the failure of the trial court to establish a factual basis to support the truth of the guilty plea.

This Court is the proper forum to review the plea of guilty. The Michigan Supreme Court has ruled in *People v Taylor,* 387 Mich 209, 221 (1972), " * * * that commencing post plea review of guilty pleas in the trial court is the preferable policy". However, the Court distinguishes review of matters not on the record with those that appear on the record, imposing a mandatory requirement that review of matters not on the record begin in the trial court. This case involves matters on the record, and since the question is presently before us, we will consider the adequacy of a factual basis. See *People v Schneff,* 43 Mich App 413 (1972).

We do not agree with defendant that the trial court must establish each and every element of the crime to which defendant pleads guilty. The three cases cited[7] by defendant do not support this proposition. The prosecution cites a plethora of cases advancing the opposite conclusion that defendant need not confess to each and every element of the crime. Careful examination of these cases reveals that they rely upon the preliminary

[7] Cases cited fn 5, *supra.*

examination to establish the factual basis of the guilty plea. The exception, *People v Bradshaw,* 28 Mich App 354, 356 (1970), states:

"While the trial judge did not specifically elicit all of the elements of the crime from the defendant at the taking of the guilty plea, this Court has held that such error is not fatal to the plea when all of the elements of the crime are clearly supported in the preliminary examination transcript. *People v Bartlett,* 17 Mich App 205 (1969); *People v Medley,* 27 Mich App 195 (1970); *People v Hinton,* 27 Mich App 186 (1970)."

In *People v Bartlett,* 17 Mich App 205 (1969), the Court permitted consideration of the preliminary examination to determine whether a factual basis for the plea of guilty existed. The test for establishing a factual basis was stated at p 208:

"The court rule does not, however, require that the offense to which the defendant pleads guilty must be established beyond peradventure before the trial judge may accept a proffered plea of guilty. It requires, in the words of the *Barrows* Court, p 272, 'reasonable ascertainment of the truth of the plea.' "

However, the current rule limits the Court's examination to the plea only. *People v Taylor, supra,* stated in fn 10, p 225:

"It is not sufficient that such facts appear on the record of the preliminary examination. See *People v Zaleski,* 375 Mich 71, 81 (1956) and *People v Rufus Williams,* 386 Mich 277, 284-285 (1971)."

*Taylor* retains the requirement of direct questioning of defendant by the trial judge for the purpose of establishing the crime and participation therein of the person pleading guilty. It is necessary that there be reasonable ascertainment of the truth of the plea. *People v Barrows,* 358 Mich 267

(1959). If this requisite is satisfied by the exchange
between the trial judge and defendant appearing
on the record, then an adequate factual basis for
acceptance of the plea exists. This standard was
not met in the instant case.

The factual basis set out in the plea transcript is
reflected in the following colloquy:

> "*The Court:* Tell me what happened that makes you
> want to plead guilty?
>
> "*Mr. D'Argis:* Well, there was a lot of other facts
> behind the case your Honor.
>
> "*The Court:* Mainly that you were addicted?
>
> "*Mr. D'Argis:* Pardon me?
>
> "*The Court:* The biggest fact is that you were ad-
> dicted?
>
> "*Mr. D'Argis:* No, I was an addict at the time.
>
> "*The Court:* Do you know who lived at 13608 Meyers?
>
> "*Mr. D'Argis:* Yes I did.
>
> "*The Court:* Did you go there on March the 14th?
>
> "*Mr. D'Argis:* Yes I did.
>
> "*The Court:* Did you go in that place?
>
> "*Mr. D'Argis:* Yes, I went into it.
>
> "*The Court:* How did you get in?
>
> "*Mr. D'Argis:* Her grandson was the complaining
> witness, Basil Jackson. Her grandson and I went in and
> we were carrying the stuff out to the car and I went in
> there with him.
>
> "*The Court:* What did you go in there to do?
>
> "*Mr. D'Argis:* Help him carry out some of the stuff.
>
> "*The Court:* You were putting them in your car?
>
> "*Mr. D'Argis:* No.
>
> "*The Court:* Where were you putting them?
>
> "*Mr. D'Argis:* In a friend's car.
>
> "*The Court:* What were you going to do, sell them?
>
> "*Mr. D'Argis:* He didn't say what he was going to do
> with them.
>
> "*The Court:* Were you supposed to get any of the
> money?
>
> "*Mr. D'Argis:* We didn't discuss the details you know.

*"The Court:* How old is this other fellow?

*"Mr. D'Argis:* Twenty-two.

*"The Court:* Where is he today?

*"Mr. D'Argis:* Out on the street.

*"The Court:* Never was arrested on this charge?

*"Mr. D'Argis:* No he wasn't.

*"The Court:* Because it was his grandmother?

*"Mr. D'Argis:* And he told his grandmother a lie.

*"The Court:* What happened next? You went in and you were carrying out the stuff and what happened?

*"Mr. D'Argis:* I wasn't carrying nothing out, I was inside the house.

*"The Court:* You were inside the house. Some of the stuff had been carried out?

*"Mr. D'Argis:* Yes it had.

*"The Court:* Then what happened?

*"Mr. D'Argis:* The police pulled up in the alley and Mullin ran up the back and was carrying something and ran out the front way and the police were coming out the back way and they nabbed me.

*"The Court:* The police nabbed you?

*"Mr. D'Argis:* Yes."

Defendant's statements do not establish that a crime was committed nor his participation therein. He merely indicates he accompanied Basil Jackson and another party named Mullin to Jackson's grandmother's house at 13608 Meyers. Defendant entered the house with the grandson and proceeded to help carry "stuff" out to a friend's car. Defendant was apprehended by the police as he was exiting the house. No mention is made as to whether the grandson had permission to enter the house. For that matter, no testimony indicates that the grandson did not have a right to remove the "stuff" from the house.

"Where one has a right to enter a building, he does not commit a burglary even though he enters and commits a larceny, nor does one who assists him in

removing the property commit either burglary or larceny in doing so under a *bona fide* belief that his companion had a right to enter and remove such property."[8]

The equivocal responses of defendant cast doubt upon the plea to attempted breaking and entering. Defense counsel expressly denied the truth of the facts elicited. The following exchange took place:

*"The Court:* You understand what's going on here today?

*"Mr. D'Argis:* Yes.

*"The Court:* Go ahead.

*"Mr. D'Argis:* I think her grandson should have been arrested and him given some time.

*"Mr. Hill: I think I can state this for the record with regard to the facts. It is not true,* and I'm talking about my case, did I not contact the owner of the premises and talk to him relative to this charge and I even went so far as attempting to get him to dismiss. I'm not aware of what you told the court about the grandson and I feel that he should be charged as well too."

Further, it is questionable that defendant could be guilty of attempted breaking and entering when his two accomplices were innocently removing "stuff" from the grandmother's house. Finally, the plea transcript is devoid of any showing of felonious intent.

On the basis of defendant's equivocal statements, defense counsel's repudiation of the truth of the facts, and the ambiguity of the circumstances of the offense related at the plea taking, we find a failure to establish a proper factual basis for acceptance of a guilty plea.

[8] 3 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 1138, p 1533, citing *People v Evans,* 150 Mich 443 (1907), and see Annotation: Maintainability of burglary charge, where entry into building is made with consent. 93 ALR 2d 531.

The second issue is whether defendant was apprised that the taking of a guilty plea waived his constitutional right to confront his accusers. We find he was not so advised.

In *People v Jaworski,* 387 Mich 21 (1972), the majority of the Supreme Court held that the language and logic of Justice Douglas in his opinion in *Boykin v Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969), require that a guilty plea defendant must be informed of the three constitutional rights involved as mentioned in that opinion:

" 'Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First is the privilege against compulsory self-incrimination * * * . [Citation omitted.] Second, is the right to trial by jury. [Citation omitted.] *Third, is the right to confront one's accusers.* [Citation omitted.] *We cannot presume a waiver of these three important federal rights from a silent record.'* (Emphasis added.) *Boykin v Alabama, supra,* pp 242–243."[9] (Emphasis added.)

The Court further held that the correct interpretation of *Boykin* requires:

"that the record must show that the defendant has been informed of each and all of the three constitutional rights he waives on pleading guilty."[10]

The statement most closely approximating that of advising defendant of his right to confront his accusers appears in the following exchange:

*"The Court:* You could have this whole battery of lawyers throughout that trial to advise you and question witnesses for you. They could call witnesses on

[9] *People v Jaworski,* 387 Mich 21, 28 (1972).
[10] *Ibid.,* p 30.

your behalf and assist you in other ways. Do you understand that?

*"Mr. D'Argis:* Yes your Honor."

No mention is specifically made of defendant's right to examine adverse or complaining witnesses. Failure of compliance with the rule regarding warnings to be given the criminally accused has been held grounds to reverse the taking of a guilty plea. *People v Demers,* 2 Mich App 238 (1966).

Defendant's guilty plea is reversed and the case remanded on the basis of lack of establishment of a factual basis for the crime and for failure to apprise defendant of his right to confront his accusers.

All concurred.