PEOPLE v HUSBAND

1. CRIMINAL LAW—ASSISTANCE OF COUNSEL—EFFECTIVE ASSISTANCE.

Defendants were denied effective assistance of counsel where their attorney had unilaterally decided that he would not proceed with the trial if he could not get a continuance and therefore failed to participate in the jury selection, did not make any opening or closing statement, did not cross-examine any of the witnesses, and did not otherwise participate in the trial in any manner; defendants received in fact no representation from their attorney at all.

2. CRIMINAL LAW—ASSISTANCE OF COUNSEL—WAIVER.

Defendants who did not cooperate with their attorney in his attempts to locate a witness essential to the preparation of an alibi defense by such pretrial conduct waived their right to adequate time for preparation and consultation with their attorney, but such pretrial conduct did not constitute a complete waiver of their right to be represented at trial by counsel.

3. CRIMINAL LAW—UNCOOPERATIVE DEFENDANTS—ASSISTANCE OF COUNSEL—FAIR TRIAL.

The fact that a possible alibi defense was not prepared because of the uncooperative conduct of the defendants did not grant their attorney the right to disregard his responsibility of guaranteeing that they receive a fair trial before an impartial jury; defendants' lack of cooperation did not prevent the attorney from participating in the selection of jurors or from requesting appropriate instructions for the jury and failure of the attorney to provide even these basic protections was indefensible and requires remand for a new trial.

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted Division 1 December 12, 1972, at Detroit. (Docket No. 12999.) Decided September 27, 1973. Leave to appeal denied, 391 Mich 781.

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 53 Am Jur, Trial § 459.
  21 Am Jur 2d, Criminal Law § 312 *et seq.*

Joseph D. Husband and Donald R. Husband were convicted of armed robbery. Defendants appeal. Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Patricia J. Boyle,* Assistant Prosecuting Attorney, for the people.

*I. Goodman Cohen* for defendants on the appeal only.

Before: QUINN, P. J., and V. J. BRENNAN and O'HARA,* JJ.

PER CURIAM. Defendants appeal as of right from their jury conviction in the Recorder's Court of the City of Detroit of armed robbery (MCLA 750.529; MSA 28.797).

The two defendants, out on bail, had notice of the trial date nearly six months prior to the date in question. The two complaining witnesses, in the entertainment business, were brought to Michigan from New York and were leaving on an extensive tour immediately after the trial, including an engagement in Hawaii.

On the day before trial was to begin, and again upon the commencement of the proceedings, defendants' attorney, assigned through the Defenders Office, requested an adjournment. Defendants' attorney stated that he was not prepared to go to trial on this case because he had five cases scheduled for trial on the same day and because of

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

other reasons which he would not disclose because of attorney-client privilege. The request was denied both times. After the second request was denied the defendants' attorney, in a proceeding outside the presence and hearing of the jury panel, objected to the court's ruling and stated that he refused to take an active part in the trial. Neither the defendants nor their attorney participated in the selection of the jury. When asked whether he was satisfied with the jury, defendants' attorney responded "No comment, your Honor". During a recess after the jury had been sworn, the defendants' attorney moved to withdraw. His motion was denied and the trial commenced. The attorney for the defendants did not make any opening or closing statement, did not cross-examine any of the witnesses, and did not participate in the trial in any manner. When asked whether he wished to cross-examine any of the witnesses, the defendants' attorney merely responded "Same position, your Honor". The conviction of the defendants resulted.

The sole question raised on appeal is whether the defendants were denied effective assistance of counsel. After oral argument was heard, this case was remanded to the trial court for a hearing to establish a factual record to determine the cause for counsel's refusal to proceed and to determine the defendants' complicity, if any, therein. The testimony adduced at that hearing shows that the defendants did not cooperate with their attorney in his attempts to locate a witness essential to the preparation of an alibi defense. Because of this, the testimony indicates, the attorney unilaterally decided that if he could not get a continuance he would not proceed. The attorney stated that he informed the defendants of his decision and that

he advised them not to participate in the trial either.

The standard to be used in determining whether a defendant has been denied the effective assistance of counsel was established by this Court in *People v Degraffenreid,* 19 Mich App 702, 710; 173 NW2d 317, 321 (1969):

> " 'It is the general rule that relief from a final conviction on the ground of incompetent or ineffective counsel will be granted only when the trial was a farce, or a mockery of justice, or was shocking to the conscience of the reviewing court, or the purported representation was only perfunctory, in bad faith, a sham, a pretense, or without adequate opportunity for conference and preparation.' *Williams v Beto* (CA 5, 1965), 354 F2d 698, 704."

Judged against this standard we hold that these defendants were denied effective assistance of counsel. In fact they received no representation from their attorney at all.

In *People v Luster,* 44 Mich App 38, 42; 205 NW2d 78, 80 (1972), this Court was presented with a very similar situation. In that case the defendant's appointed attorney was not prepared to proceed on the day of the trial because the defendant had earlier informed him that he was going to retain his own attorney and because the defendant did not furnish him with the names and addresses of alibi witnesses. The trial proceeded with the defendant represented throughout the trial by appointed counsel. On appeal the defendant claimed he was denied effective assistance of counsel because he and his counsel did not have time to prepare. This Court rejected that claim stating that "the record reveals that defendant had the opportunity to prepare his case but did not avail himself of it".

*Luster* would be conclusive of the case before us if the claim of the defendants was predicated on a lack of opportunity to prepare. This is not their claim, however. Here the defendants complain that they had no representation at all. We agree. While the pre-trial conduct of the defendants constituted a waiver of their right to adequate time for preparation and consultation with their attorney, it cannot be said to have constituted a complete waiver of their right to be represented at trial by counsel. This is not meant to indicate, however, that under no circumstances will the conduct of a defendant be held to constitute a complete waiver of his right to counsel. See *Illinois v Allen,* 397 US 337; 90 S Ct 1057; 25 L Ed 2d 353 (1970). We hold only that the facts of this case reveal no such waiver and therefore the defendants were denied effective assistance of counsel.

The conduct of the attorney in this case should not escape mention. The fact that the defendants were uncooperative and thus disabled him from presenting a possible alibi defense does not justify his total abdication of responsibility. The fact that a possible defense was not prepared because of the conduct of the defendants did not grant this attorney the right to disregard his responsibility of guaranteeing that they receive a fair trial before an impartial jury. The defendants' lack of cooperation did not prevent him from participating in the selection of jurors or from requesting appropriate instructions for the jury. The failure of this attorney to provide even these basic protections to the defendants is indefensible.

Reversed and remanded for a new trial.