PEOPLE v WELLS

1. CRIMINAL LAW—PLEA OF GUILTY—RIGHT OF CONFRONTATION.

A defendant was substantially advised of his right to confront his accusers by the trial court's advice that in the event of a trial he "would be entitled to be confronted by the person or persons who have made this accusation against you and the other people or prosecution witnesses against you".

2. CRIMINAL LAW—SENTENCING—ADMISSIONS—OTHER CRIMES.

A trial court did not err in considering, when sentencing a defendant, allegedly involuntary and unreliable admissions regarding another crime made while the defendant was in custody awaiting disposition of his case, where the defendant subsequently admitted participation in that crime before sentence was imposed.

Appeal from Jackson, John C. Dalton, J. Submitted Division 2 February 5, 1974, at Grand Rapids. (Docket No. 17638.) Decided March 7, 1974.

Arthur Wells was convicted, on his plea of guilty, of breaking and entering with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *James M. Justin,* Assistant Prosecuting Attorney, for the people.

*Joseph B. Szeremet,* Assistant State Appellate Defender, for defendant.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 333 *et seq.*
[2] 21 Am Jur 2d, Criminal Law § 368.

Before: ALLEN, P. J., and R. B. BURNS and HOL-
BROOK, JJ.

PER CURIAM. Defendant pled guilty to a charge
of breaking and entering with intent to commit
larceny. MCLA 750.110; MSA 28.305. He was sen-
tenced to a term of two to ten years in prison, and
his motion for a new trial and to vacate sentence
was denied. Defendant appeals, and the people
have filed a motion to affirm. GCR 1963, 817.5(3).

Relying upon *People v D'Argis,* 44 Mich App
186; 205 NW2d 19 (1972); and *People v Purdy,* 46
Mich App 630; 208 NW2d 581 (1973), defendant
argues that his guilty plea was not understand-
ingly made because the trial court failed to ade-
quately advise him of his constitutional right to
confront his accusers.

The advice at issue is set forth below:

"In the event there was a trial, why each of you
would be entitled to be confronted by the person or
persons who have made this accusation against you and
the other people or prosecution witnesses against you."

According to *People v Butler,* 387 Mich 1, 8; 195
NW2d 268 (1972), "a defendant must be substan-
tially advised of each of his rights". Contrary to
the situations presented in *D'Argis, supra* and
*Purdy, supra,* the trial court substantially advised
defendant of his right to confront his accusers.
*People v Jaworski,* 387 Mich 21; 194 NW2d 868
(1972), was followed and defendant's argument on
this point is without merit.

Defendant's argument that the sentencing court
considered allegedly involuntary and unreliable
admissions regarding another crime made by de-
fendant while in custody awaiting the disposition
of the instant case is also without merit, particu-

larly in view of defendant's subsequent admission of participation in that crime before sentence was imposed. Defendant's arguments are so unsubstantial as to need no argument or formal submission.

Motion to affirm granted.