PEOPLE v THOMAS MATHIS

OPINION OF THE COURT

1. CRIMINAL LAW—PLEA OF GUILTY—RIGHT OF CONFRONTATION—SUF-
FICIENCY OF APPRISAL.

A trial judge's statement to a defendant at a plea-taking proceed-
ing that at a trial he could have a lawyer with him to assist
him and to question witnesses for him, subpoena witnesses on
his behalf, make legal arguments for him, argue his case to the
jury, and help in other ways, is not sufficient to inform the
defendant of his right to confront his accusers.

DISSENT BY V. J. BRENNAN, P. J.

2. CRIMINAL LAW—PLEA OF GUILTY—RIGHT OF CONFRONTATION—SUF-
FICIENCY OF APPRISAL.

*A trial judge's language, when accepting a plea of guilty, which
clearly pointed out to a defendant that at a trial he could bring
witnesses in and that the witnesses presented could be exam-
ined, fulfills the requirement of advising the defendant of his
right to confront his accusers.*

Appeal from Recorder's Court of Detroit, John
R. Murphy, J. Submitted Division 1 February 12,
1974, at Detroit. (Docket No. 16795.) Decided Octo-
ber 7, 1974.

Thomas Mathis was convicted, on his plea of
guilty, of assault with intent to commit rape.
Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 333 *et seq.*

Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Francis Zebot,* Assistant State Appellate Defender, for defendant.

Before: V. J. Brennan, P. J., and McGregor and T. M. Burns, JJ.

McGregor, J. Defendant was arraigned and charged, on March 16, 1972, with rape and armed robbery, MCLA 750.520; MSA 28.788, MCLA 750.529; MSA 28.797, he pleaded guilty to a charge of assault with intent to rape, MCLA 750.85; MSA 28.280, on April 6, 1972, and was sentenced on April 20, 1972, to a term of 5 to 10 years.

On appeal, defendant raises five issues, four of which deal with the acceptance of defendant's plea; the final issue concerns the sentence. Defendant maintains that his guilty plea should not have been accepted because the trial court did not adequately advise him of his right to confront his accusers and of his right to a trial without jury.

The statement which most closely approximates an attempt to advise the defendant of his right to confront his accusers was as follows:

*"The Court:* Do you also understand that if you had a trial you would have certain rights at that trial. For instance you have a right to have your lawyer with you. He could assist you throughout the trial and he could question witnesses for you. He could subpoena witnesses in your behalf.

"He could make legal arguments for you and argue your case to the jury and give you advice and help in a lot of other ways. Do you understand that?

*"Defendant:* Yes, sir."

This language is comparable to advice given by the same judge which was held to be insufficient in *People v Purdy,* 46 Mich App 630, 632; 208 NW2d 581 (1973).

This Court has held the above language insufficient to inform a defendant of his right to confront his accusers. *People v D'Argis,* 44 Mich App 186; 205 NW2d 19 (1972).

Because of our decision, a new trial will be required in this case. We feel assured that, if any of the other alleged errors were committed in the previous trial, they will not be repeated upon retrial of the case.

Reversed and remanded for new trial.


T. M. BURNS, J., concurred.


V. J. BRENNAN, P. J. *(dissenting).* I respectfully disagree with my colleagues. I do not concur in the mandates of *People v Purdy,* 46 Mich App 630; 208 NW2d 581 (1973), or *People v D'Argis,* 44 Mich App 186; 205 NW2d 19 (1972).

The use of the magic words is not the only way to impart to a defendant the realization of his right to call witnesses and examine them and to cross-examine the witnesses that have been called against him. The trial court said:

*"The Court:* Do you understand if you had a trial you would have certain rights at that trial. For instance, you have a right to have your lawyer with you; he could assist you throughout the trial and he could question witnesses for you; he could subpoena witnesses in your behalf.

"He could make legal arguments for you and argue your case to the jury and give you advice and help in a lot of other ways. Do you understand that?

*"Defendant:* Yes, sir."

That language seems awfully clear to me; the court has clearly pointed out to the defendant that he could bring witnesses in, that the witnesses presented could be examined. I feel that more than covers the requirement of confrontation advice.

The entire plea in this case was very clear and thorough. It was obvious the defendant wanted to plead guilty and during the plea all his rights were clearly explained. Now we are nit-picking and trying to bend over backwards to find a way to set aside a perfectly good plea.

I would affirm.